DOROTHY W. BERNSTEIN, Respondent, *v.* DANIEL W. BERNSTEIN, Appellant.

Fourth Department, May 27, 1953.

*Samuel Schwartz* and *Joseph C. Mennella* for appellant.

*Cyril J. Kendall* and *John J. Kiegher* for respondent.

*Per Curiam.* By order to show cause, the defendant-appellant sought an order amending the final decree of annulment rendered herein to eliminate therefrom the provision requiring said defendant-appellant to pay the sum of $20 per week for the support and maintenance of the daughter of the parties. Upon

the argument of the motion, it appeared that the said daughter was temporarily employed at the Eastman Kodak Company with a take-home weekly wage of $40.81.

The affidavits submitted by the plaintiff-respondent wife and the daughter in opposition to the motion, disclosed that the daughter was desirous of obtaining a college education and with that in mind, was working to earn sufficient money to attend college. No cross motion as required by section 117 of the Civil Practice Act is made by plaintiff-respondent to amend the decree by increasing the amount of payments required to be made by the defendant-appellant in an amount sufficient to afford the daughter a college education.

Upon the return of the motion and without taking any evidence on the question of the defendant-appellant's financial ability to make increased payments for the education of the daughter, and in the absence of a cross motion seeking increased payments for such purpose, the Special Term made an order modifying the decree of annulment by providing (1) that the payments being made by appellant of $20 per week for the support and maintenance of the daughter be suspended while she is employed and if, during her minority, she becomes unemployed, such payments shall be resumed in the amount of $20 a week; and (2) if, during minority, she enters a college or other institution of higher education authorized to confer degrees, such payments shall be made at the rate of $30 per week during the time she is a student in such college.

Shortly following the granting of such an order, the infant plaintiff gave up her position with Eastman Kodak and entered Rochester Institute of Technology.

We believe the Special Term, in the absence of a cross motion seeking increased payments for the daughter's college education, and without taking any testimony as to the financial ability of both the parents, was without jurisdiction to make the order appealed from. For the reasons stated, the order of the Special Term insofar as appealed from should be reversed on the law and facts, without costs.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and WHEELER, JJ.

Order insofar as appealed from reversed on the law and facts, without costs of this appeal to either party.